*473 Voto particular disidente emitido por la
Juez Asociada Señora Rodríguez Rodríguez.
La decisión que hoy toma una mayoría de este Tribunal manifiesta la manera desacertada en que se han atendido los reclamos de todas las partes en esta controversia. Por las mismas razones que esgrimí en mi voto particular disidente a la Resolución que certificó este Tribunal el 11 de febrero de 2014, hoy me veo obligada a disentir del curso seguido por una mayoría de este Tribunal. AMPR et als. v. Sist. Retiro Maestros III, 190 DPR 248 (2014).
Ordenar la celebración de una vista oral —sin que parte alguna la solicite o se exprese sobre su conveniencia, deseabilidad y los posibles efectos de dicho proceder— de-muestra que esta controversia nunca debió certificarse. Una vez más, “[m]e reafirmo en que nada impide que esta controversia sea atendida adecuadamente por el foro pri-mario conforme al trámite ordinario y que allí se emitan, con carácter profiláctico, las órdenes que el foro estime pertinentes”. AMPR et als. v. Sist. Retiro Maestros II, 190 DPR 88, 113-114 (2014), (Rodríguez Rodríguez, J., voto particular disidente). Como demuestra la labor encomiable del juez Angel Pagán Ocasio, quien cumplió con el calendario inicial que estableció este Tribunal y declinó ejercer la prerrogativa que le otorgó una mayoría de que “nos informe cuánto tiempo adicional necesita [ba] para realizar su encomienda”, este caso podía manejarse más eficientemente y con la premura que amerita a través de un procedimiento expedito en el Tribunal de Primera Instancia. íd., pág. 92. Sin embargo, en vez de contar con un expediente robusto que nos coloque en posición de ejercer nuestra facultad como tribunal apelativo de última instancia, nos vemos forzados a improvisar un curso de acción sumamente ineficaz para un tribunal colegiado. Tan es así, que en esta *474 etapa de los procedimientos resta por adjudicar la admisi-bilidad de la evidencia documental presentada por las partes y recogida en el Informe del Comisionado Especial. In-forme del Comisionado Especial, pág. 38 esc. 12.
El Hon. Comisionado Especial Ángel Pagán Ocasio rindió su informe el 7 de febrero de 2014. Todas las partes han presentado sus escritos de acuerdo con el calendario indulgente que concedimos en exceso a la solicitud de la propia Asociación. Consecuentemente, celebrar una vista oral —que no ha sido solicitada por parte alguna— siete semanas después de recibir el informe del Comisionado Especial y tres semanas después de recibir los alegatos de las partes, en nada abona a la pronta solución de esta controversia, razón cardenal por la que una mayoría de este Tribunal ordenó el trámite expedito “[d]ada la pronta atención que requiere este caso [...]”. AMPR et als. v. Sist. Retiro Maestros I, 190 DPR 77, 78 (2014). No quisiera pensar que la intención de este proceder es intentar leer las hojas de té en búsqueda de algún auguro sobre el futuro de esta Curia.
Por los fundamentos anteriores, disiento del proceder mayoritario.